FILED
2016 Jul-15  PM 04:01
U.S. DISTRICT COURT
N.D. OF ALABAMA



**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **TENNESSEE RIVERKEEPER, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  5:16-cv-01029-HGD** |
| | ) | |
| **3M COMPANY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**JOINT STIPULATION FOR DISMISSAL OF DEFENDANT MUNICIPAL
UTILITIES BOARD OF DECATUR, MORGAN COUNTY, ALABAMA**

**COMES NOW** the plaintiff, Tennessee Riverkeeper, Inc. ("Riverkeeper") and defendants Municipal Utilities Board of Decatur, Morgan County, Alabama ("the Board") and the City of Decatur ("Decatur"), by and through their respective attorneys and show and represent unto this Honorable Court, by stipulation, that all claims are due to be dismissed as to defendant Municipal Utilities Board of Decatur, Morgan County, Alabama, with each party to bear their own costs incurred. In support thereof, Riverkeeper, the Board and Decatur state as follows:

1.      This lawsuit was initiated by the filing of the Complaint for Declaratory and Injunctive Relief (the "Complaint") by Riverkeeper on June 23, 2016. In Paragraph 26 of the Complaint, Riverkeeper names the Board as a defendant and alleges that the Board (a) is a municipal utility service owned and operated by Decatur, (b) owns and operates the Dry Creek Waste Water Treatment Plant and (c) is a "person" within the meaning of 42 U.S.C. § 6903(15).

1

2.      Plaintiff asserts specific claims against the Board in Paragraph 66 of the Complaint and references the Board in Paragraphs (c)(2) and (c)(4) of its Prayer for Relief.

3.      However, because the Board is itself not a legal entity or otherwise endowed by statute with the power to sue or be sued, it is due to be dismissed as a defendant in this matter.

4.      The Board was established and exists by virtue of Act. No. 89 of the 1939 Alabama legislature ("Act No. 89") and several amendatory acts, most notably Act No. 83-820.

5.      The Board, which consists of three (3) members who are elected by the Decatur City Council, is authorized under the relevant local acts to employ managers and employees to **operate** Decatur's utility system; however, such public utilities are **owned** by Decatur. Act No. 83-829, §9A.

6.      There is no provision in Act No. 89, Act No. 83-820 or in any of the other amendatory acts conferring corporate or other separate entity status on the Board. Rather, the Board is merely an arm of Decatur, established for purposes of managing Decatur's utility system.[1]

7.      The local acts establishing the Board clearly indicate that the Board is not incorporated or otherwise capable of being sued as a separate entity.

---

[1] For a prior decision involving similar circumstances, see Ex parte Von Braun Civic Center, 716 So. 2d 1186 (Ala. 1998). In this decision, the Supreme Court of Alabama noted that the Von Braun Civic Center Board of Control was (1) merely created to maintain, control, operate and manage the Von Braun Civic Center and (2) directly accountable to the Huntsville City Council for its activities. Consequently, the court held that the entity was not incorporated or a separate entity from the City of Huntsville and therefore could not be sued.

8.      Decatur agrees and acknowledges that the Dry Creek Waste Water Treatment Plant referenced in the Complaint is owned by Decatur and further agrees and acknowledges that Decatur is the correct entity to defend the claims currently filed against the Board that relate to the operation of the Dry Creek Waste Water Treatment Plant.

9.      To the extent required, Decatur hereby waives any objection under 42 U.S.C. § 6972(b)(2)(A) regarding a failure to receive ninety (90) days' notice relating to these claims.

10.     As to all claims alleged in the Complaint as being filed against or in reference to the Board, Decatur consents and agrees that such claims are against Decatur.

11.     All claims against other defendants in this matter shall remain.

WHEREFORE, Tennessee Riverkeeper, Inc., Municipal Utilities Board of Decatur, Morgan County, Alabama and the City of Decatur move the Court to enter an Order dismissing, with prejudice, the Municipal Utilities Board of Decatur, Morgan County, Alabama as a defendant in this action.

Respectfully submitted this the 15th day of July, 2016.

/s/ David W. Langston
David W. Langston
Attorney for Defendant Municipal Utilities Board of Decatur, Morgan County, Alabama
HARRIS, CADDELL & SHANKS, P.C.
P.O. Box 2688
Decatur, Alabama 35602-2688
Telephone:  (256) 340 – 8048
Facsimile:  (256) 340 – 8040
E-mail:  dlangston@harriscaddell.com
ASB-4458-N64D

/s/ Barnes F. Lovelace, Jr.
Barnes F. Lovelace, Jr.
Attorney for Defendant City of Decatur
HARRIS, CADDELL & SHANKS, P.C.
P.O. Box 2688
Decatur, Alabama 35602-2688
Telephone:  (256) 340 – 8043
Facsimile:  (256) 340 – 8040
E-mail:  blovelace@harriscaddell.com
ASB-0064-L66B

/s/ Mark E. Martin
Attorney for Plaintiff
P.O. Box 1486
Oneonta, Alabama 35121
Telephone: (205) 516 – 9350
E-mail:  mmartin@markemartin.co

## CERTIFICATE OF SERVICE

I do hereby certify that on July 15, 2016, I served a copy of the foregoing upon all parties by electronic filing through the CM/ECF system or by U.S. Mail, first class postage prepaid, as follows:

Williams S. Cox
Harlan I. Prater, IV
M. Christian King
LIGHTFOOT, FRANKLIN & WHITE, LLC
400 North 20th Street
Birmingham, AL 35203

John W. Scott
Joshua S. Thompson
SCOTT, DUKES & GEISLER, PC
211 Twenty Second Street North
Birmingham, AL 35203

William G. Beck
Jessie Merrigan
LATHROP & GAGE, LLP
2345 Grand Blvd., Suite 2200
Kansas City, MO 64108


                                        /s/ Barnes F. Lovelace, Jr.
                                        Of Counsel