FILED
2022 Jun-13 AM 08:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **TENNESSEE RIVERKEEPER, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**3M COMPANY, BFI WASTE SYSTEMS OF ALABAMA, LLC; CITY OF DECATUR, ALABAMA; MORGAN COUNTY, ALABAMA; DAIKIN AMERICA, INC.; DYNEON, LLC; TORAY FLUOROFIBERS (AMERICA), INC.; and JOHN DOES 1-10,**<br><br>**Defendants.** | ) | **Civil Action Number:**<br>**5:16-cv-01029-LCB** |

**<u>ORDER AND JUDGMENT OF DISMISSAL</u>**

WHEREAS, on June 23, 2016, Plaintiff initiated this action by filing a complaint seeking declaratory and injunctive relief pursuant to the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(B), to abate and remediate an alleged imminent and substantial endangerment caused by Defendants' alleged disposal of solid or hazardous waste containing PFAS at several locations in and around Decatur, Alabama, including the 3M Plant Site, allegedly resulting in contamination of groundwater, sediments, private water supplies, the Tennessee River and its tributaries, fish, and public drinking water supplies that utilize water from the Tennessee River;

WHEREAS, Plaintiff further sought to require Defendants to reimburse Plaintiff's costs of litigation, including reasonable attorneys' fees, expert fees, costs, and expenses, pursuant to 42 U.S.C. § 6972(e);

WHEREAS, Defendants deny any wrongdoing or liability, and specifically deny and dispute the scientific, factual, legal, and other bases asserted in support of Plaintiff's claim, including that any PFAS detected in and around Decatur, Morgan County, Lawrence County, Franklin County, Limestone County, Colbert County, and Lauderdale County, Alabama may present an imminent and substantial endangerment to health or the environment;

WHEREAS, the Parties desire to resolve this action constructively and without the time and expense that would be required by additional litigation;

WHEREAS, after mediation, the Parties have agreed to a settlement as reflected in the attached Settlement Agreement and Release ("Settlement Agreement"), without any admission of fact, law, liability, or fault as to any allegation or matter arising out of any allegation of in this action;

WHEREAS, 3M and the Alabama Department of Environmental Management executed an Interim Special Order by Consent captioned *In the Matter of: 3M Company, Inc.*, NPDES Permit No. AL0000205, Consent Order No. 20-086-CWP/AP/GW/HW/DW/SW (effective July 24, 2020) (the "Interim Consent Order"), and Plaintiff and 3M intend for the Settlement Agreement to complement but not supplant the provisions or obligations set forth in the Interim Consent Order;

WHEREAS, the Parties intend for the Settlement Agreement to complement the final, approved settlement of the action captioned *St. John, et al. v. 3M Company, et al.*, No. 52-CV- 2002-00408.00 (Morgan County Cir. Ct.);

WHEREAS, in its capacity as private attorney general under RCRA, and after due investigation, Plaintiff agrees that the environmental investigations and response actions that have been previously conducted and continue to be conducted at the 3M Plant Site, along with the activities called for in the Interim Consent Order and the Settlement Agreement, are sufficient to resolve any and all liability of Defendants under RCRA for an imminent and substantial endangerment to human health and/or the environment relating to the alleged disposal of PFAS in and around Decatur, Morgan County, Lawrence County, Franklin County, Limestone County, Colbert County, and Lauderdale County, Alabama; and

WHEREAS, the Settlement Agreement is not a consent decree and is not to be so interpreted;

Now, therefore, after due review and consideration by the Court, it is hereby

ordered and adjudged that upon the Effective Date as defined in the Settlement Agreement:

1. The Parties stipulate and the Court finds that the environmental investigations and response actions that have been previously conducted and continue to be conducted at the 3M Plant Site, along with the activities called for in the Interim Consent Order and the Settlement Agreement, are sufficient to resolve any and all liability of Defendants under RCRA for an imminent and substantial endangerment to human health and/or the environment relating to the alleged disposal of PFAS in and around Decatur, Morgan County, Lawrence County, Franklin County, Limestone County, Colbert County, and Lauderdale County, Alabama.

2. The Parties stipulate and the Court finds that the Settlement Agreement is not a consent decree and is not to be so interpreted.

3. All claims brought by Plaintiff in this action against Defendants are hereby dismissed with prejudice and with each party to bear its own costs, expenses, and attorneys' fees, except as provided in the Settlement Agreement.

4. The Court shall retain continuing jurisdiction for the limited purpose of enforcing this Order and compliance with the terms of the Settlement

Agreement, including the Escrow Agreement (as defined in the Settlement Agreement) and any separate agreement among certain Defendants related to their rights and obligations to each other.

**DONE** and **ORDERED** this June 13, 2022.

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE